Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant GARFIELD BEACH, CVS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COOPERSMITH,<br><br>     Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No. 2:20-cv-509<br><br>[Los Angeles County Superior Court Case No. 19STCV41766]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:       None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARK COOPERSMITH AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant GARFIELD BEACH CVS, LLC hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff MARK COOPERSMITH ("Plaintiff") and Defendant GARFIELD BEACH CVS, LLC.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3. Garfield Beach CVS, LLC is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach CVS, LLC was a limited liability company organized under the laws of the State of Rhode Island, whose sole-member, CVS Pharmacy, Inc., has at all material times been a Rhode Island Corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of Garfield Beach CVS, LLC's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about November 20, 2019, Plaintiff filed an action against CVS titled "*Mark Coopersmith, Plaintiff vs. Garfield Beach CVS, a California Limited Liability Company; and DOES 1 through 10, inclusive, Defendants*" in the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV41766 (the "State Court Action").

7. A true and correct copy of the Summons and Complaint served on Garfield Beach CVS, LLC is attached hereto as **Exhibit A.**

8. In his Complaint, Plaintiff alleges the following causes of action: (1) Age Discrimination; (2) Failure to Prevent Discrimination & Retaliation; (3)

Retaliation and Wrongful Termination in Violation of FEHA; (4) Retaliation and Wrongful Termination in Violation of Public Policy; and (5) Hostile Work Environment Harassment.

9. The Summons and Complaint constitute the pleadings, process, and orders served upon or by Garfield Beach CVS, LLC in the State Court Action.

### III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND GARFIELD BEACH CVS, LLC

10. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

#### A. Plaintiff is a Citizen of the State of California

11. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California. **See Complaint at ¶5**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

#### B. Garfield Beach CVS, LLC is a Citizen of the State of Rhode Island

12. If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

13. Garfield Beach CVS, LLC is now, and was at all material times, a

single-member limited liability company. The sole member of Garfield Beach CVS, LLC is CVS Pharmacy, Inc.

14. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

15. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island. 28 U.S.C. §1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

16. CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

17. Therefore, for the purpose of determining jurisdiction, Garfield Beach CVS, LLC was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island.

18. Accordingly, complete diversity exists between Plaintiff and Garfield

Beach CVS, LLC (hereinafter "CVS").

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

19. The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

20. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of his theories of recovery.

21. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails

22. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the

PETITION AND NOTICE OF REMOVAL

complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

23. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal-for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

### A. Economic Damages

24. In his Complaint, Plaintiff alleges that as of July 2017, his yearly compensation was approximately $90,155. **See Complaint at ¶18.**

25. Plaintiff alleges that he was demoted in September 2017, and "as a result, suffered a salary decrease of approximately $44,000." **See Complaint at ¶24.**

26. Finally, Plaintiff alleges that he was constructively terminated on August 22, 2019. Accordingly, during the period of September 2017 - August 2019, Plaintiff alleges that she "suffered a salary decrease" of **at least $88,000.**

27. Plaintiff's alleged economic damages *alone* exceed the $75,000 jurisdictional minimum.

### A. Attorneys' Fees

28. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See*

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks "attorneys' fees" and "costs of suit incurred." **See Exh. A, Prayer for Relief at ¶¶73, 75.**

29. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavev supra* 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

30. Here, assuming that just an average amount of pre-trial discovery, trial preparation, and trial attendance occurs in this case, a potential attorneys' fees award will likely exceed the $75,000 jurisdictional threshold regardless of any other claimed damages.

### B.   Punitive Damages

31. Additionally, Plaintiff seeks to recover punitive damages against CVS, a company of considerable size and resources. **See Prayer for Relief at ¶72.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler*

*Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

32. Here, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury could award, in excess of $75,000 solely for punitive damages.

33. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. REMOVAL IS TIMELY

34. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *see* **Exhibit A.**

## VI. CONCLUSION

35. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

| | | |
|---|---|---|
| 1 | DATED:  January 17, 2020 | PAYNE & FEARS LLP |
| 2 | | |
| 3 | | |
| 4 | | By:   */s/Andrew K. Haeffele* |
| 5 | | DANIEL F. FEARS |
| 6 | | ANDREW K. HAEFFELE |
| 7 | | Attorneys for Defendant GARFIELD BEACH CVS, LLC |

4845-3832-7730.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# PROOF OF SERVICE

**Mark Coopersmith v. Garfield Beach CVS**
<u>United States District Court Case No.</u> 2:20-cv-509

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 17, 2020, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Abraham Mathew, Esq.<br>Jacob George, Esq.<br>MATHEW & GEORGE<br>500 South Grand Avenue, Suite 2050<br>Los Angeles, CA 90071<br>Tel: (310) 478-4349<br>Fax: (310) 478-9580<br>E:Mail:<br>abraham@mathewandgeorge.com<br>jacob@mathewandgeorge.com | Attorneys for Plaintiff<br>MARK COOPERSMITH |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 17, 2020, at Irvine, California.

                                                                          /s/ Angelina M. Rangel
                                                                     Angelina M. Rangel

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL