# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-509 PA (JPRx) | Date | January 22, 2020 |
|---|---|---|---|
| Title | Mark Coopersmith v. Garfield Beach CVS | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **IN CHAMBERS — COURT ORDER**

Before the Court is a Notice of Removal filed by defendant Garfield Beach CVS, LLC ("Defendant"). Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Mark Coopersmith ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Citizenship is "determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transport Ass'n, 300 F.3d 1129, 1131 99th Cir. 2002). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-509 PA (JPRx) | Date | January 22, 2020 |
|---|---|---|---|
| Title | Mark Coopersmith v. Garfield Beach CVS | | |

members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

The Notice of Removal alleges:  "Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California.  See Complaint at ¶5 . . . ." (Notice of Removal ¶ 11.)  As the Notice of Removal makes clear, Defendant's allegations concerning Plaintiff's domicile are based on the allegations contained in Plaintiff's Complaint.  The Complaint alleges:  "At all times herein mentioned, and at the time each of Plaintiff's cause[s] of action arose, Plaintiff . . . was an individual residing in the County of Los Angeles, Sate of California . . . ." (Compl. ¶ 5.)  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's domicile based solely on allegations of residence are insufficient to establish Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Moreover, because the Complaint alleges only that Plaintiff resided in Los Angeles "at the time each of Plaintiff's cause[s] of action arose," there is no factual basis alleged in the Complaint for Defendant's assertion that Plaintiff "is now, and was at the time this action was commenced, a citizen of the State of California . . . ."  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action.  Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 19STCV41766, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.